IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

DANIEL WICKLES, on behalf of himself )
and others similarly situated, )
)
      Plaintiff, )
)
v. )     Civil Action No.:
)
PREMIER PLUMBING AND LEAK, LLC )
and WAYNE MOON )
)
      Defendant. )
_____)

## COMPLAINT

COMES NOW the Plaintiff,  DANIEL WICKLES ("PLAINTIFF") on behalf of himself and others similarly situated, and files this Complaint against DEFENDANTS, PREMIER PLUMBING AND LEAK, LLC and WAYNE MOON (collectively "DEFENDANTS"), respectfully stating unto the Court the following:

## GENERAL ALLEGATIONS

1. This is a cause of action to recover back pay, liquidated damages, attorney fees, costs of litigation and other relief from DEFENDANTS for violations of the Fair Labor Standards Act ("FLSA") and for breach of contract.

2. At all material times, PLAINTIFF was a citizen and resident of Florida.

3. At all material times, DEFENDANT PREMIER PLUMBING AND LEAK, LLC was a Florida corporation, with a principal address in Gainesville Florida, which provided plumbing services in the Northern District of Florida, and PLAINTIFF performed work for DEFENDANT PREMIER PLUMBING AND LEAK, LLC in Gainesville, Florida.

4.      At all material times, DEFENDANT WAYNE MOON operated Premier Plumbing and Leak, LLC.

## BACKGROUND

5.      PLAINTIFF brings this action to require DEFENDANTS to pay back wages owed to PLAINTIFF, which DEFENDANTS failed to pay in violation of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201, *et seq*.

6.      At all relevant times, DEFENDANTS acted through their officers, agents, servants and employees.

7.      Upon information and belief, at all relevant times, DEFENDANT PREMIER PLUMBING AND LEAK had two or more employees, including PLAINTIFF, who regularly handled goods that moved in or were produced for interstate commerce that were used to provide plumbing services.

8.      At all relevant times, DEFENDANT was an enterprise engaged in commerce as defined at 29 U.S.C. § 203.

9.      Upon information and belief, at all relevant times, DEFENDANT PREMIER PLUMBING AND LEAK had annual gross sales in excess of $500,000.00.

10.     Upon information and belief, at all relevant times, DEFENDANT WAYNE MOON had responsibility for hiring and firing employees, supervising or controlling work schedules and conditions of employment, and/or making pay decisions on behalf of PREMIER PLUMBING AND LEAK.

11.     Jurisdiction is conferred on this Court by 28 U.S.C. §§ 1331, 1337 and by 29 U.S.C. § 216.

12.     In or around January 2018, DEFENDANTS hired PLAINTIFF to work as a plumber's

helper at a rate of pay of $10 per hour and he remained in that capacity until DEFENDANT constructively discharged him in or around August 2019.

13.     The FLSA requires an employer to pay its employees at a rate of at least minimum wage for all hours worked and also requires an employer to pay its employees time and one-half when they work more than 40 hours per week.

14.     Throughout his employment as a plumber's helper, PLAINTIFF worked at least 60 hours per week, but was never paid more than straight time for the hours he worked.

15.     From the beginning of his employment until in or around March 2019, PLAINTIFF was incarcerated at a halfway house called the Santa Fe Bridge Community Release Center and during this time, DEFENDANTS never paid PLAINTIFF more than $300 per week despite PLAINTIFF working 60 or more hours per week.  The proposed additional class of individuals consists of plumber's helpers who, like PLAINTIFF, were never paid more than $300 per week despite working 60 or more hours per week, and all individuals employed by DEFENDANTS who were never paid more than straight time despite working hours that should have been paid at an overtime rate.

16.     Upon information and belief, DEFENDANTS have, since the beginning of PLAINTIFF'S employment, willingly, deliberately and intentionally refused to pay PLAINTIFF and those similarly situated at a rate of one and one-half times their usual hourly rate when they worked more than 40 hours per week and at their agreed rate of $10 per hour for each hour they worked.

17.     PLAINTIFF and those similarly situated therefore are owed compensation for time actually worked but not paid at the appropriate overtime rate by DEFENDANTS, who willingly and knowingly withheld those wages.

## COUNT I
## VIOLATION OF THE FAIR LABOR STANDARDS ACT

18.     The General Allegations and Background above are hereby incorporated by reference as though fully set forth herein.

19.     DEFENDANT PREMIER PLUMBING AND LEAK regularly engages in commerce and its employees, including PLAINTIFF and those similarly situated, handled and used materials, which have moved in interstate commerce.

20.     At all relevant times, DEFENDANTS were employers within the meaning of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201, *et seq.* and are subject to the provisions of the Act.

21.     PLAINTIFF, at all relevant times was a non-exempt employee of DEFENDANTS, as defined by the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201, *et seq.* who performed work for which he did not receive appropriate compensation.

22.     During his employment with DEFENDANTS, PLAINTIFF performed work for which he was not properly compensated in violation of the provisions of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201, *et seq.* More specifically, DEFENDANTS violated the overtime provisions of the Fair Labor Standards Act by not paying PLAINTIFF time and one-half when he worked more than 40 hours in a week and the minimum wage provision by not paying him at least minimum wage for every hour he worked.

23.     Upon information and belief, DEFENDANTS' pay system was unilaterally imposed upon PLAINTIFF and those similarly situated by DEFENDANTS.

24.     DEFENDANTS' failure to compensate properly PLAINTIFF and those similarly situated violates the overtime and minimum wage provision provisions of the FLSA

4

and the regulations thereunder.

25.     DEFENDANTS' failure to compensate PLAINTIFF and those similarly situated for
        their overtime was a willful and knowing violation of the Act as was the failure to pay
        them at least minimum wage.

26.     As a result of DEFENDANTS' willful and knowing failure to properly compensate
        PLAINTIFF, he has suffered substantial delay in receipt of wages owed and damages.

27.     Pursuant to 29 U.S.C. §§206, 207 and 216, DEFENDANT owes PLAINTIFF and those
        similarly situated compensation at a rate of one and one-half times their agreed hourly
        rate for the overtime hours they worked, minimum wage for each hour they worked
        and an additional equal amount as liquidated damages, together with an additional sum
        for attorney's fees and costs of litigation.

28.     All conditions precedent to maintaining this action have occurred or otherwise been
        waived.

        WHEREFORE, PLAINTIFF demands judgment against DEFENDANT and respectfully
prays the Court that PLAINTIFF and those similarly situated will recover unpaid wages, liquidated
damages, pre- and post-judgment interest, nominal damages, attorney's fees and costs of litigation,
and other relief by reason of DEFENDANT'S violations of the FLSA; for a trial by jury on all
issues so triable, and, for such other and further relief as the Court may deem just and proper.

## COUNT II
## FLSA-RETALIATION

29.     The General Allegations and Background are hereby incorporated by reference as
        though fully set forth herein.

30.     Throughout his employment, PLAINTIFF complained to DEFENDANTS that he was
        not getting paid in accordance with the FLSA's overtime provisions.

31.     In or around August 2019, DEFENDANTS' failure to pay PLAINTIFF became so intolerable that a reasonable person in his position would have felt compelled to resign and that is what PLAINTIFF did.  By resigning, PLAINTIFF refused to continue to be part of DEFENDANTS' illegal payment scheme.

32.     As a result of his constructive discharge, PLAINTIFF suffered a loss of income, humiliation and embarrassment.

        WHEREFORE, PLAINTIFF demands judgment against DEFENDANTS and respectfully prays the Court that PLAINTIFF will recover lost wages and fringe benefits, damages for mental anguish, embarrassment and humiliation, punitive damages, pre- and post-judgment interest, other compensatory damages, attorney's fees and costs of litigation, nominal damages, and other relief by reason of DEFENDANTS' violation of the FLSA's retaliation provision; for a trial by jury on all issues so triable, and, for such other and further relief as the Court may deem just and proper.

## COUNT III
## BREACH OF CONTRACT- vs. PREMIER PLUMBING AND LEAK

33.     The General Allegations and Background are hereby incorporated by reference as though fully set forth herein.

34.     DEFENDANTS breached their employment agreement with PLAINTIFF by failing to pay PLAINTIFF the agreed rate of pay for all the hours he worked.  In that regard, DEFENDANTS told PLAINTIFF that when he was released from the Santa Fe Bridge Community Release Center his pay would increase to $30 per hour.

35.     PLAINTIFF continued to perform work for DEFENDANTS after he was released but was never paid the $30 per hour DEFENDANTS promised him despite PLAINTIFF performing his end of the bargain.

        WHEREFORE, PLAINTIFF demands judgment against DEFENDANT PREMIER

PLUMBING AND LEAK and respectfully prays the Court that PLAINTIFF will recover lost wages, pre- and post-judgment interest, attorney's fees and costs of litigation, nominal damages, and other relief by reason of DEFENDANT'S breach of contract; for a trial by jury on all issues so triable, and, for such other and further relief as the Court may deem just and proper.

Dated:  February 20, 2020

Respectfully submitted,

**THE LAW OFFICE OF MATTHEW BIRK**

**/s/ Matthew W. Birk**

**Matthew W. Birk**
Florida Bar No.:  92265
309 NE 1st Street
Gainesville, FL  32601
(352) 244-2069
(352) 372-3464 FAX
mbirk@gainesvilleemploymentlaw.com
ATTORNEYS FOR PLAINTIFF